UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSHUA THOMAS                                    CIVIL ACTION

VERSUS                                           NO. 15-394-SDD-RLB

LOUIS DREYFUS COMMODITIES, LLC,
ET AL.

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 11, 2016.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSHUA THOMAS                                                CIVIL ACTION

VERSUS                                                       NO. 15-394-SDD-RLB

LOUIS DREYFUS COMMODITIES, LLC,
ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on a *sua sponte* order requiring briefing on this court's subject-matter jurisdiction over this action, specifically the "amount in controversy" requirement for the exercise of diversity jurisdiction.

**I.   Factual Background and Procedural History**

On May 13, 2015, Joshua Thomas ("Plaintiff") filed a Petition for Damages in the 18th Judicial District Court, West Baton Rouge Parish, Louisiana, against Louis Dreyfus Commodities, LLC ("Louis Dreyfus") and Zurich American Insurance Company ("Zurich") (collectively, "Defendants"). (R. Doc. 1-1, "Petition"). Plaintiff alleges that "a wench and/or wench cable system owned by Louis Dreyfus malfunctioned and/or broke, causing a steel cable attached to the wench to disengage and forcefully strike [him] in the head and body" and that the blow knocked him unconscious and to the ground. (Petition, ¶ 5). With regard to his alleged physical injuries, Plaintiff states that in addition to loss of consciousness, he suffered a "concussion and/or head injury," a "lower back injury," and a "left arm/hand injury." (Petition, ¶ 7). Plaintiff seeks recovery for emotional distress, lost wages, loss of enjoyment of life, loss of earning capacity and future wages, and medical expenses. (Petition, ¶ 7).

1

On June 17, 2015, Defendants removed this action, providing in the Notice of Removal that the "amount in controversy exceeds $75,000.00" without further elaboration on the nature and/or severity of the alleged injuries. (R. Doc. 1 at 2).

On August 31, 2015, the parties filed a joint Status Report in which the Defendants represented that "[a]s plaintiff has not yet produced any medical records, defendants have no information regarding the alleged injuries." (R. Doc. 7 at 2).

On January 8, 2016, the court issued an Order requiring briefing on the "amount in controversy" requirement for the exercise of diversity jurisdiction.

## II.     Arguments of the Parties

On January 27, 2016, Defendants filed a memorandum in support of a finding that the amount in controversy requirement is satisfied. (R. Doc. 18). Defendants assert that at his deposition on November 17, 2015, Plaintiff testified that he injured his head, left hand, back and left foot as a result of the accident; that he suffered daily headaches and has become more forgetful since the accident; and that he suffered from constant mid and low back pain, left hand and foot pain. (R. Doc. 18 at 2). Defendants further assert that Plaintiff's medical records indicate, among other things, that a CT scan "showed some straightening of the normal cervical lordosis with a mild cervicothoracic dextroscoliosis"; Plaintiff has been treated by an orthopedic surgeon and physical therapist for his left hand, wrist, left foot and back pain; Plaintiff has been diagnosed by a neurologist with "post-concussive syndrome" and was placed on medications for his headaches; and MRIs indicated that Plaintiff had some cord flattening, as well herniated and bulging disc(s). (R. Doc. 18 at 3-4). Plaintiff has submitted $26,637.57 in medical bills to Defendants. (R. Doc. 18 at 4). Defendants assert that "Plaintiff's main alleged injuries are a herniated or bulging lumbar disk and post-concussive syndrome with headaches as a result of the

2

accident" and provide state court verdicts involving similar injuries ranging from $25,000 to $125,000. (R. Doc. 18 at 5-6).

On February 18, 2016, Plaintiff similarly filed a memorandum in support of a finding that the amount in controversy requirement is satisfied. (R. Doc. 23). Plaintiff asserts that as a result of the accident, he "has been diagnosed with the following conditions: concussion with loss of consciousness, post-concussion syndrome, headaches, carpal tunnel syndrome, herniated lumbar disc(s), bulges of the cervical spine, and neck pain." (R. Doc. 23 at 2). Plaintiff further asserts that his medical bills continue to accumulate and "have or will exceed the $26,637.57 as reported by defendants." (R. Doc. 23 at 2). Finally, Plaintiff represents that as of October 29, 2015, "a total of $29,067.97 in worker's compensation payments had been made on plaintiff's behalf." (R. Doc. 23 at 2). In addition to relying on certain quantum decisions provided by Defendants, Plaintiff asserts that in more recent cases plaintiffs with similar injuries have recovered well over $75,000 in general damages in state court proceedings. (R. Doc. 23 at 2-3).

### III.   Law and Analysis

#### A.   Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if

3

at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).  If, however, the "State practice . . . permits the recovery of damages in excess of the amount demanded," removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B).  Louisiana law provides that "a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." La. Code Civ. P. art. 862.  Furthermore, in Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions. La. Code Civ. P. art. 893(A)(1).  This prohibition on alleging a specific amount of damages, however, "is not applicable to a suit on a conventional obligation, promissory note, open account, or other negotiable instrument . . ." La. Code Civ. P. art. 893(B).  Plaintiffs are also required to state whether there is a "lack of jurisdiction of federal courts due to insufficiency of damages." La. Code Civ. P. art. 893(A)(1).

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).  The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*.  If the defendant can produce evidence sufficient to

show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

**B.    Analysis**

There is no dispute that there is complete diversity.[1] Accordingly, the only issue with regard to whether the court has diversity jurisdiction is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a).

"Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *See Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), *report and recommendation adopted*, 2012 WL 278685 (M.D. La. Jan. 31, 2012) (citing *Alderdice v. Lowe's Home Centers, Inc.*, No. 09-406, 2010 WL 371027 (M.D. La. Jan. 29, 2010); *Nelson v. Wal-Mart Stores, Inc.*, No. 09-302, 2009 WL 1098905 (W.D. La. Apr. 22, 2009), and numerous cases cited therein, *Fontenot v. Granite State Ins. Co.*, No. 08-1296, 2008 WL 4822283 (W.D. La. Nov. 3, 2008); and *Bonck v. Marriot Hotels, Inc.*, No. 02-2740, 2002 WL 31890932 (E.D. La. Dec. 30, 2002)). "When . . . the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that it was not 'facially apparent' that the amount of

---

[1] Plaintiff is a citizen of Louisiana. (R. Doc. 1 at 2). Zurich is a citizen of New York and Illinois. (R. Doc. 1 at 2). Louis Dreyfus is a citizen of Delaware and Connecticut. (R. Doc. 2 at 1).

5

damages would exceed $75,000.'" *Dunomes v. Trinity Marine Products, Inc*., No. 14-1968, 2014 WL 7240158, at *4 (E.D. La. Dec. 19, 2014) (quoting *Broadway v. Wal-Mart Stores,* No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000)).

Here, the Petition does not provide sufficient facts for determining the severity of Plaintiffs' injuries. The Petition alleges that Plaintiff lost consciousness when he was struck in the head and body by a wench, resulting in a "concussion and/or head injury," a "lower back injury," and a "left arm/hand injury." (Petition, ¶ 7). Plaintiff does not provide any specifics regarding the severity of these alleged injuries, including whether they respectively involved brain or nerve damage, herniated discs, bone fractures, or resulted in any surgery. Plaintiff seeks recovery for broad categories of damages typically alleged in personal injury actions, including emotional distress, lost wages, loss of enjoyment of life, loss of earning capacity and future wages, and medical expenses. (Petition, ¶ 7). Without any additional detail, the court is unable to quantify the potential amount of recovery for any of these categories. In the absence of additional factual assertions regarding the extent or nature of the actual physical injuries suffered, the Petition does not provide enough information for the court to conclude that the amount in controversy is facially apparent. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

As the amount in controversy requirement is not facially apparent, the court will turn to whether the parties have submitted facts in controversy supporting a finding of the jurisdictional minimum.

There is no dispute between the parties that Plaintiff has submitted $26,637.57 in medical bills to Defendants for which Plaintiff believes are recoverable in this action. Furthermore, there

6

is no dispute that Plaintiff has been diagnosed as having suffered at least one herniated or bulging lumbar disc and post-concussive syndrome with headaches after the accident.

This court recognizes that "[w]hether or not a herniated disc satisfies the amount in controversy often turns on whether surgery is recommended." *Robinson v. Kmart Corp.*, No. 11-12, 2011 WL 2790192, at *4 n.4 (M.D. La. Apr. 28, 2011), *report and recommendation adopted*, 2011 WL 2937952 (M.D. La. July 14, 2011). Accordingly, courts have found the lack of a recommendation for surgery to be significant in determining whether a plaintiff seeking damages including those for a herniated disc meets the amount in controversy requirement when balanced with other factors in the record. *See*, *e.g.*, *Hebert v. Hanco Nat. Ins. Co.*, No. 07-362, 2009 WL 255948, at *4-5 (M.D. La. Feb. 3, 2009) (amount in controversy not satisfied where plaintiff "suffers from a herniated disc, without any recommendation for surgery" and the plaintiff "continues to work, continues to engage in activities of daily living, and does not seek damages for mental anguish"); *Espadron v. State Farm Mut. Auto. Ins. Co.*, No. 10-53, 2010 WL 3168417 (E.D. La. Aug. 9, 2010) (amount in controversy not satisfied where plaintiff in car crash suffered a "herniated cervical disc [or] segmental cervical instability" and a "herniated lumbar disc [or] segmental lumbosacral instability" and was a "potential surgical candidate" and plaintiff stipulated that his damages did not exceed $50,000). There is no evidence in the record that Plaintiff's physicians have recommended him to undergo surgery for his herniated or bulging disc(s).

That said, the potential award of general damages where herniated discs are alleged and the plaintiff has not undergone surgery is significant, and courts have found the amount in controversy satisfied where such allegations are made. The Western District of Louisiana denied remand, and found the jurisdictional minimum was satisfied, where the defendants "produced

7

medical evidence in the form of MRIs showing herniated discs in the neck and back" of a plaintiff who claimed damages resulting from a slip-and-fall and did not have any surgery. *See Reeves v. TPI Restaurants, Inc.*, No. 05-1778, 2007 WL 1308380, at *2 (W.D. La. Apr. 13, 2007) (citing *Fruge v. Hebert Oilfield Constr., Inc.*, 856 So.2d 100 (La. App. 3rd Cir., 2003); *Hoyt v. Grey Ins. Co.*, 809 So.2d 1076 (La. App. 4th Cir., 2002)), *report and recommendation adopted*, ECF No. 26 (W.D. La. May 3, 2007). The Eastern District of Louisiana denied remand, and found the jurisdictional minimum was satisfied, in a slip-and-fall action where medical reports revealed that the plaintiff's surgery was cancelled after an initial physician recommendation, but the plaintiff "still suffered radiating pain in her extremities, neck pain, back pain, joint pain, and swelling." *McDonald v. Target Corp. of Minn.*, No. 11-598, 2011 WL 2160495, at *1 (E.D. La. June 1, 2011). The *McDonald* decision noted that "Louisiana jurisprudence indicates that . . . injuries of herniated cervical disc and cervical spinal stenosis have generated awards greater than $75,000 even without surgery." *Id*. (citing *Rico v. Sewerage and Water Bd. of New Orleans*, 929 So.2d 143 (La. App. 4th Cir. 2006) (granting $150,000 when back surgery was recommended but not performed); *Piazza v. Behrman Chiropractic Clinic, Inc.,* 601 So.2d 1378 (La. 1982) (granting $111,600 for mental and physical pain and suffering, medical expenses, disability, past and future, and loss of consortium for herniated disc); and *Fontenot v. Laperouse*, 774 So.2d 278 (La. App. 3rd Cir. 2000) (granting $120,000 for herniated and bulging disc) (parenthetical information as provided in *McDonald*)).

Similarly, this court noted that even in the absence of surgical recommendations, Louisiana courts have awarded $50,000-$60,000 for multiple herniated discs. *Robinson*, 2011 WL 2790192, at *4 n. 4 (citing *White v. Progressive Sec. Ins. Co.*, 6 So.3d 860 (La. App. 3rd Cir. 2009) ($60,000 awarded to injured motorist for multiple disc protrusions in the cervical region

8

with pain lasting more than two years); *Misewicz v. Gamso*, 860 So.2d 119 (La. App. 4th Cir. 2003) ($49,941.63 awarded to injured motorist who suffered disc herniation and physical therapy treatment for several months);[2] *Webb v. Horton*, 812 So.2d 91 (La. App. 5th Cir. 2002) ($50,000 awarded to injured motorist who suffered herniated cervical disc, without surgical recommendation) (parenthetical information as provided in *Robinson*)).[3]  One Louisiana appellate court has recently stated that "the lowest reasonable general damage award for a non-surgical herniated disc within a jury's discretion [is] $50,000." *Sanchez v. Dubuc*, 110 So. 3d 1140, 1146 (La. App. 5th Cir. 2013) (no abuse of discretion in award of $47,462 for non-surgical herniated lumbar disc); *but see Castro v. Estevez*, 150 So. 3d 431, 434 (La. App. 5th Cir. 2014) (finding lowest permissible award for damages related to a non-surgical herniated disc requiring treatment with injections to be between $40,000 and $50,000).

Furthermore, even though there is no evidence in the record that Plaintiff has been recommended for surgery, the court must consider his request for general and special damages in whole, which Plaintiff alleges to include "pain and suffering, mental anguish and distress, medical expenses, lost wages and/or loss of earning capacity, disability and loss of enjoyment of life." (Petition, ¶ 8).  Courts have awarded general damages to plaintiffs who had cervical and lumbar injuries, without surgeries, several times the amount of incurred medical expenses.  *See, e.g.*, *Collier v. Benedetto*, 897 So. 2d 775, 780 (La. App. 5th Cir. 2005) (adjusting award of general damages from $50,000 to $75,000 where plaintiff in automobile accident, who declined

---

[2] The award in *Misewicz*, which was after a bench trial, included $20,592 in lost wages. *See Misewicz,* 860 So.2d at 122.  Here, the court cannot quantify the amount of lost wages potentially recoverable by Plaintiff based on the allegations in the Petition or any evidence before the court.

[3] A decade before the *Robinson* decision was issued, the Eastern District of Louisiana canvassed decisions in Louisiana courts involving cervical herniated discs and found that general damages averaged approximately $20,000-$45,000. *Alonzo v. Shoney's, Inc.*, No. 00-3109, 2001 WL 15641, at *4 (E.D. La. Jan. 5, 2001).

9

surgery, "sustained injuries to his back, neck, knee, thigh and shoulder, a small right disc protrusion at C5-C6, and cervical and lumbar muscle strains" and was awarded just $5,718.75 in medical expenses); *Perez v. State ex rel. Crescent City Connection, Div. of Dep't of Transp. & Dev.*, 753 So. 2d 913, 914-15 (La. App. 4th Cir. 2000) (affirming award of $150,000 in general damages where plaintiff was not recommended for, and did not have, surgery for bulging cervical, thoracic, and lumbar strains and bulging discs, as well as post-traumatic headaches, and incurred past medical expenses of just over $27,000); *Wehbe v. Waguespack*, 720 So. 2d 1267, 1270-72 (La. App. 5th Cir. 1998) (affirming award of "$185,000.00 for general damages for a herniated C3-4 disc without surgery and aggravation of pre-existing degenerative lumbar spine disease without any disc herniation" where plaintiff incurred past medical expenses of $6,590).

Finally, Plaintiff has acknowledged that he believes that based on his injuries, the amount in controversy requirement has been satisfied. (R. Doc. 23 at 4).

Given the record before the court, including the Petition, the briefing of the parties, and the applicable jurisprudence, the court concludes that Defendants have met their burden of establishing that Plaintiff's claims more likely than not exceed the jurisdictional minimum.

**IV.    Conclusion**

Based on the foregoing, the court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the court retain subject matter jurisdiction over this action.

Signed in Baton Rouge, Louisiana, on March 11, 2016.

                                              **RICHARD L. BOURGEOIS, JR.**
                                              **UNITED STATES MAGISTRATE JUDGE**