UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSHUA THOMAS

CIVIL ACTION

VERSUS

LOUIS DREYFUS COMMODITIES,  15-394-SDD-RLB
LLC AND ZURICH AMERICAN INS.
CO., ET AL.

**RULING**

This matter is before the Court on the *Motion for Stay Pending Arbitration*[1] filed by T.E. Ibberson Company ("TEI"). Defendant Louis Dreyfus Commodities, LLC ("LDC") filed a *Third Party Demand* naming TEI as a defendant in this matter on December 2, 2015. On April 28, 2016, Plaintiff Joshua Thomas ("Plaintiff") moved to amend his petition to add TEI as a defendant on the main demand.[2] Because there exists a binding arbitration contract between TEI and LDC, the Court will grant the *Motion for Stay* as between these parties only.

**I.   BACKGROUND**

Plaintiff in this matter brought suit against LDC for injuries he sustained when cleaning a barge when a wench or wench cable system allegedly owned by LDC broke,

---

[1] Rec. Doc. No. 27.
[2] Rec. Doc. No. 29. This motion was denied by the Magistrate Judge without prejudice with instructions. Rec. Doc. No. 33. An unopposed *Motion for Leave to File Amended Petition* is currently pending before the United States Magistrate Judge. Rec. Doc. No. 34.
32498

causing a steel cable attached to the wench to discharge and strike the Plaintiff in the head and body.[3]  Plaintiff alleges that he sustained a concussion and a lower back injury as a result of this incident.[4]

LDC filed a *Third Party Demand*[5] which names TEI as a defendant.  LDC claims the accident that allegedly caused Plaintiff's injuries was caused in whole or part by TEI and/or its employees,[6] who were contracted to provide the design, engineering, procurement, construction, and start-up and testing support work at the terminal involved pursuant to an Agreement for Design-Build ("the Agreement")[7] entered into between LDC and TEI.  LDC alleges that TEI failed to properly design, engineer, or construct the terminal and failed to properly test and start-up the terminal in accordance with the Agreement.[8]

TEI files the instant motion pointing to the arbitration clause of the Agreement which TEI argues mandates that any such disputes must be resolved by arbitration. Indeed, Section 20.1 of the Agreement provides as follows: "Except for matters requiring immediate injunctive relief, all claims, disputes or other matters in question between the Parties arising out of or relating in any way to the Contract Documents ('Disputes) will be resolved pursuant to this Article 20."  TEI contends that, because LDC's claims against TEI are based on an alleged breach of contract, it is bound to resolve its dispute with TEI

---

[3] Rec. Doc. No. 1.
[4] *Id.*
[5] Rec. Doc. No. 10.
[6] Rec. Doc. No. 13.
[7] Rec. Doc. No. 27-2.
[8] Rec. Doc. No. 13.
32498

through arbitration.[9]  Moreover, in accordance with this contract provision, TEI has commenced arbitration by sending a demand for same to LDC in accordance with the contract.[10]

LDC has filed an *Opposition*[11] to TEI's *Motion for Stay* on the lone basis that Plaintiff has moved to add TEI as a main defendant in this matter, and, because Plaintiff is not a party to the Agreement, the stay should be denied and discovery should move forward.  LDC does not dispute that a binding arbitration clause is present in the Agreement, and it offers no law or jurisprudence to support its presumed contention that Plaintiff's presence in the lawsuit invalidates the binding arbitration clause.

## II.    THE FEDERAL ARBITRATION ACT (FAA)[12]

The Fifth Circuit has recognized that "[a]rbitration is favored in the law."[13] Moreover, there is a "liberal Federal Policy favoring arbitration agreements."[14]  When presented with a motion to compel arbitration under the FAA, a court must first determine whether the FAA is applicable. The FAA provides, in pertinent part, that a:

> written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.[15]

---

[9] Section 20.3 sets forth the detailed manner in which arbitration is to be invoked and conducted.  Rec. Doc. No. 27-2, p. 50.
[10] Rec. Doc. No. 27-3.
[11] Rec. Doc. No. 30.
[12] 9 U.S.C. § 3.
[13] *Gregson v. Creative Artists Agency L.L.C.*, 210 F.3d 524, 526 (5th Cir.2000) (citing *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)).
[14] *Green Tree Fin. Corp.-Ala v. Randolph*, 531 U.S. 79, 91 (2000).
[15] 9 U.S.C. § 2.
32498

The Supreme Court has held that the FAA governs all contracts that are within the reach of the Commerce Clause and has instructed courts to interpret broadly the phrase "involving commerce," to be functionally equivalent to "affecting."[16]

If the contract between the parties is governed by the FAA, the court must then employ a two-step process to determine whether the parties actually agreed to arbitrate. The court considers: (1) whether there is a valid arbitration agreement between the parties; and (2) whether the dispute in question falls within the scope of the agreement.[17] In its *Opposition*, LDC does not challenge or dispute that there is a valid arbitration agreement set forth in the Agreement or that this dispute falls within the scope of that Agreement. Therefore, the Court finds that the arbitration clause in the Agreement is valid and covers the dispute that forms the basis of LDC's claim against TEI in this action.

Furthermore, LDC ignores a plethora of jurisprudence that contradicts its position that, because a non-party to the arbitration agreement is present, arbitration is unenforceable. The United States Supreme Court plainly stated that "[u]nder the Arbitration Act, an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement."[18] In *Tristar Financial Insurance Agency, Inc. v. Equicredit Corporation of*

---

[16] *See Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265, 277 (1995).
[17] *Fleetwood Enters. v. Gaskamp*, 280 F.3d 1069, 1072 (5th Cir. 2002).
[18] *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 20 (1983).
32498

*America*,[19] the Fifth Circuit held that an arbitration agreement had to be enforced even though all plaintiffs were not parties to the agreement. On this issue, the court held as follows:

> Insofar as appellees argue that arbitration should not be ordered because appellees Security Insurance Co. of Hartford and Peak Property and Casualty Co. are not subject to the 1999 agreement, the law is clear that "an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement." *Moses H. Cone*, 460 U.S. at 20. The FAA not only contemplates piecemeal litigation, but "requires piecemeal resolution when necessary to give effect to an arbitration agreement." *Id.* (emphasis in original). "The preeminent concern of Congress in passing the [FAA] was to enforce private agreements into which parties had entered, and that concern requires that we rigorously enforce agreements to arbitrate, even if the result is 'piecemeal' litigation...." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985).

This issue was also addressed by the district court for the Eastern District of Louisiana in *Grand Isle Shipyards, Inc. v. Black Elk Energy, LLC*.[20] GIS had argued that, because the action included other parties and claims not parties to the contract which required arbitration, arbitration would not be in the interests of "judicial efficiency" and could lead to "inconsistent results."[21] Relying on Supreme Court and Fifth Circuit precedents, the court stated:

> GIS has cited no authority to support that this is a valid concern that could override the FAA. In fact, the United States Supreme Court and the Fifth Circuit have expressly rejected such arguments and concerns:
>
>> [T]he Arbitration Act requires district courts to compel arbitration of pendent arbitrable claims when one of the parties files a motion to

---

[19] 97 Fed. Appx. 462 (5th Cir. 2004).
[20] No. 13-2496, 2013 WL 3974536 (E.D. La. Aug. 2, 2013).
[21] *Id.* at *7.
32498

> compel, even where the result would be the possibly inefficient maintenance of separate proceedings in different forums. Accordingly, we reverse the decision not to compel arbitration.
>
> …
>
> By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed. §§ 3, 4. Thus, insofar as the language of the Act guides our disposition of this case, we would conclude that agreements to arbitrate must be enforced, absent a ground for revocation of the contractual agreement.[22]

Based on the foregoing, the Court would be acting contrary to well-established law if it did not grant TEI's *Motion for Stay* with respect to the claims between TEI and LDC.

## III.   CONCLUSION

Therefore, TEI's *Motion for Stay Pending Arbitration*[23] is GRANTED as to the claims between TEI and LDC only.  If TEI is ultimately added as a defendant on the main demand in this matter, TEI must proceed accordingly.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on the 7th day of June, 2016.

*[signature: Shelly D. Dick]*

**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[22] *Id.*, quoting Dean Witter, 470 U.S. at 217–18 (emphasis in original); *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat. Oil Co., (Pemex)*, 767 F.2d 1140, 1147 (5th Cir.1985) (citing *Dean Witter Reynolds, Inc.*, 470 U.S. at 217–18).
[23] Rec. Doc. No. 27.
32498